UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOE ED STACKHOUSE,

         Plaintiff,         Case No. 1:07-cv-1085

v.         Honorable Robert J. Jonker

M.E. McDONALD et al.,

         Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff Joe Ed Stackhouse presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Oaks Maximum Correctional Facility (ECF). He sues three ECF employees: Grievance Coordinator M.E. McDonald, Warden Cindi Curtin, and Inspector S. Brewer. He also sues the following MDOC employees: Carolyn Nelson of the Prisoner Affairs Division, Hearing Administrator J. Armstrong, and an unnamed "Prisoner Accountant."

The allegations of Plaintiff's complaint are extremely difficult to decipher. In their entirety they state:

> M.C. McDonald on 10-17-07, Failure to Investigate Stackhouse $202112, Grievances on Staff for Violate Procedural Due Process, Stolen Property, Due Process Violation on Abuse of Confinement Also Retaliation Against Stackhouse $202112 for Filing Grievance And Complianc's [sic] By Placing Stackhouse 202112, on modified Access 10-17-07 By Failure to Address Grievances and Denied me Use of Law Library!
>
> Warden C. Curtin, on 10-17-07, Corrupt Organize Crime for Abuse on Stackhouse $202112 for the Same Violation.
>
> Inspector S. Brower on 10-22-07, Corrupt Organize Crime of Abuse on Stackhouse 212112 for Same Violations.
>
> Carolyn Nelson on 10-17-07. Corrupt Organize Crime For Abuse on Stackhouse 202112 for Same Violation.
>
> J. Armstrong On 10-30-07, Corrupt. Organize Crime for Abuse on Stackhouse 202112 for Same Violation.
>
> Prisoner Account on 10-24-07, Theft: Possession of Stolen Property. Stackhouse $202112 $20.00 of Personal Hygiene Order for Inst. Debt. Violate PD 03.03.130 Humane Treatment and Corrupt. Organize Crime Facility for Abuse on Stackhouse 202112 by Denied Violation of 1st & 4th & 5th & 8th and 14th Amend. of Constitution Law

> I Request for $50,000,00 each from Each from Each Employee for Corrupt. Organized Crime System of Abuse, motion distress, Barbaric In Violate of 1st & 5th & 8th And 14th Amend. For Confinement, stolen Property, Fraud, Tampering eith mail, Destroyed mail, Placement in Detention for Nothing Just Abuse Stackhouse $202112
> Thank you, Corrupt Organize Crime

(Compl. at 3-4.)

### II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### A.    **Conclusory Allegations**

Construing the complaint indulgently, as the Court must, Plaintiff appears to allege that Defendants McDonald, Curtin, Brewer, Nelson and Armstrong, in executing their responsibilities for administering grievances, failed to investigate certain unspecified grievances filed by Plaintiff against unnamed prison staff members. The complaint suggests that the grievances in question related to property allegedly stolen from Plaintiff as well as unspecified prisoner abuse.

Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d

716, 726 (6th Cir. 1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Plaintiff's claims with respect to the investigation of grievances and the general claim of property theft are without sufficient factual allegations to identify the allegedly wrongful conduct. They therefore fail to state a claim.

Further, a claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege that Defendants McDonald, Curtin, Brewer, Nelson and Armstrong engaged in any active unconstitutional behavior beyond denying his grievance. Accordingly, he fails to state a claim against Defendants for failure to investigate his grievances.

B. **Retaliation**

To the extent Plaintiff claims that Defendants placed him on modified access in retaliation for filing unidentified grievances, Plaintiff also fails to state a claim. *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc). In order to demonstrate retaliation for the exercise of a First Amendment right, *Thaddeus-X* requires a prisoner to establish that (1) he was engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct, and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394.

The Sixth Circuit has recognized that the filing of an institutional grievance is protected First Amendment conduct. *Shehee*, 199 F.3d at 300-01; *herron v. Harrison*, 302 F.3d 410, 415 (6th Cir. 2000). Nevertheless, Plaintiff has failed to allege a retaliation claim.

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants retaliated against him because he filed a grievance against some other, unnamed officer. Accordingly, his speculative allegation fails to state a claim.

Moreover, even had Plaintiff articulated facts supporting a conclusion that Defendants placed him on modified access in order to retaliate for the exercise of Plaintiff's First Amendment rights, Plaintiff has failed to allege sufficiently adverse action by Defendants to support a retaliation claim. The adverseness inquiry is an objective one, and does not depend on how a

particular plaintiff reacted. The relevant question is whether the defendants' conduct is "'*capable of deterring a person of ordinary firmness;*' the plaintiff need not show actual deterrence." *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (quoting *Thaddeus-X*, 175 F.3d at 398) (emphasis in original). Modified access to the grievance process does not deny Plaintiff the right or ability to seek redress for meritorious grievances. Rather, it merely requires the prisoner to obtain permission from the grievance coordinator to file a grievance. *See Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, at *2 (6th Cir. Aug. 7, 2001) (citing *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996)). As a result, Plaintiff has failed to establish the elements of his retaliation claim because the acts the Defendants allegedly committed would not deter a person of ordinary firmness from filing a grievance. *See Thaddeus-X*, 175 F.3d at 394.

### C. **Theft from Prisoner Account**

Plaintiff also appears to allege that $20.00 was removed from his prisoner account to pay down his institutional debt rather than to fulfill his "personal hygiene order" from the prison commissary. He alleges that the removal violated MICH. DEP'T OF CORR., Policy Directive 03.03.130, violated the Eighth Amendment, and amounted to an unconstitutional taking without due process in violation of the Fifth Amendment.

First, with respect to Plaintiff's claim that the action violated MDOC policy, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendants' alleged failure to comply with the administrative rules does not itself rise to the level of a constitutional violation. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure

to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

Second, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of an unnamed prison accountant, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not and cannot sustain his burden. Plaintiff has not alleged that state post-deprivation remedies are inadequate. The Sixth Circuit has found that Michigan law provides "several adequate post-deprivation remedies" to a prisoner asserting improper removal of money from his prison account. *Copeland*, 57 F.3d at 480. In a number of cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege and show that state law post-deprivation remedies were inadequate. *Id.* at 479-80 (money wrongly removed from prison account); *Lillie v. McGraw*, No. 97-3359, 1997 WL 778050, at *1 (6th Cir. Dec. 12, 1997) (officials

allegedly broke television); *Mowatt v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (misapplication of money to a deficit in prison account); *Shabazz v. Lecureux*, No. 85-2014, 1986 WL 16140, at *1 (6th Cir. Dec. 5, 1986) (illegal appropriation of money from prisoner account).

Finally, Plaintiff fails to allege an Eighth Amendment violation. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff has made absolutely no allegations concerning the conditions of his confinement beyond the allegedly improper confiscation of $20.00 from his prison account. Plaintiff's allegation that his commissary order of "personal hygiene" items went unfilled as the result of the confiscation does not come close to alleging a deprivation of minimally necessary sanitation required by the Constitution. Plaintiff therefore fails to state an Eighth Amendment claim.

D.     **Access to the Courts**

Plaintiff has alleged that Defendants denied him the use of the law library. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff alleges only that he could not access the law library. *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. 430 U.S. at 351 (1996). Instead, Plaintiff must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351. Plaintiff has made no such allegations. He therefore fails to state a claim.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  December 18, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).